UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT PHILLIP BAKER,  )
    Plaintiff,  )
      )
v.  )    CIVIL ACTION NO. 11-11900-RWZ
      )
TAUNTON POLICE OFFICER  )
MACAFFERLY,  )
    Defendant.  )

## MEMORANDUM AND ORDER

ZOBEL, D.J.

On November 29, 2011, this Court issued a Memorandum and Order (Docket No. 4) directing plaintiff Robert Phillip Baker ("Baker") to file an Amended Complaint that set forth plausible claims in accordance with Rule 8 of the Federal Rules of Civil Procedure against defendant Police Officer Macafferly.

In response, on December 5, 2011, Baker filed an Amended Complaint (Docket No. 5). The Amended Complaint, like the original, is not entirely coherent, and, in essence, merely reiterates the allegations made in the original Complaint. Specifically, Baker again asserts a host of grievances in connection with his divorce proceedings, as well as matters relating to his tenancy. He also asserts general grievances against the Taunton Police Department. At its core, however, it appears that Baker asserts that the Taunton police removed all of his trash bags (containing legal materials) from his apartment, and tried to have him committed to a psychiatric hospital. The only reference to the named defendant (although it appears that Baker uses the term "defendant" to reference other individuals as well), is that "Taunton Police officer Macafferly was nowhere to be found." Am. Cpl. at ¶ 45. Baker lists his causes of action

as conspiracy by the Taunton Police Department and the defendant: (1) to break and enter into his apartment; (2) to steal and dispose of his property; (3) to conduct an illegal search and seizure; (4) to violate his First Amendment rights; (5) to violate his Sixth Amendment rights; (7) to violate his Fourteenth Amendment rights to procedural and substantive due process; (8) to violate his Ninth Amendment rights; (9) to fraudulently entice and coerce him to enter into a psychiatric hospital; (10) to fraudulently reside in a rooming house owned by the defendant with the sole purpose of breaking and entering into his apartment; (11) to fraudulently reside in a rooming house owned by the defendant with the sole purpose of illegally searching and seizing his property; and (12) to fraudulently reside in a rooming house owned by the defendant with the sole purpose of discarding his property.

Baker seeks $10,000,000.00 in relief. A fair reading of the Amended Complaint is that, because his trash bags with documentation were removed from his apartment, Baker was unable to prevail at his divorce proceedings, and thus holds the defendant responsible for his loss of the custody of his children pursuant to the divorce proceedings, as well as his pain and suffering as a result.

## DISCUSSION

It is unnecessary to point out each and every problem with the Amended Complaint. Suffice it to say that, although this Court credits that Baker has made efforts to comply with the directives to set forth his claims in accordance with Rule 8 of the Federal Rules of Civil Procedure, the Amended Complaint fairs no better than his original. Baker's bald allegations of conspiracy by the Taunton Police Department with the defendant are wholly unsupported by underlying facts, and are merely legal

conclusions. General allegations of conspiracy to violate civil rights are not sufficient to meet the pleading requirement to assert cognizable claims of a conspiracy. Rather, the allegations must set forth what part each defendant had in the alleged conspiracy, *i.e.*, it must set forth the "who did what to whom and why." Columbus v. Biggio, 76 F. Supp. 2d, 43, 52 (D. Mass. 1999) ("Although pleading standards are minimal, the First Circuit requires 'more than conclusions or subjective characterizations.'") citing Dewey v. University of New Hampshire, 694 F. 2d 1, 3 (1st Cir. 1982), cert. denied, 461 U.S. 944 (1983). Here, the Amended Complaint lacks the "who, what, where, when and why" type information necessary to set forth cognizable federal claims against defendant Macafferly.

At this juncture, it would be unfair to the defendant to permit this action to proceed in its present form. Further, given Baker's substantial litigation history of unsuccessful and frivolous suits concerning matters referenced in the Amended Complaint, the Court finds that no additional opportunities to cure the pleading defects need be given to Baker.[1]

Accordingly, this action shall be <u>DISMISSED</u> in its entirety. While this Court does not find at this time that Baker's actions warrant sanctions for bad faith pleading practices, this Court will not permit further attempts by Baker to assert his claims

---

[1] In the prior Memorandum and Order, this Court stated that: "given the number of civil actions filed by Baker in this Court (and in the state courts), it is appropriate to warn Baker that the filing of lawsuits is not therapy, nor is it a sport. Baker must realize that his allegations may have serious adverse impact on those parties named in his suits. Accordingly, he is warned that the further filing of lawsuits that do not comport with the pleading requirements of Rule 8 may subject him to sanctions, including an order enjoining him from filing lawsuits in this Court.

against defendant Macafferly *pro se,* as this would impinge substantially on the scarce judicial resources of the Court, to the detriment of other litigants in this Court. Therefore, should Baker seek to reassert the claims against Officer Macafferly, any renewed Complaint raising matters in this action must be filed by <u>duly-licensed counsel</u> appearing on Baker's behalf.

## CONCLUSION

Based on all of the above, it is hereby Ordered that this action is <u>DISMISSED</u> in its entirety. Any renewed Complaint raising matters in this action must be filed by duly-licensed counsel appearing on Baker's behalf.

SO ORDERED.

<u>/s/ Rya W. Zobel</u><br>
RYA W. ZOBEL<br>
UNITED STATES DISTRICT JUDGE

DATED: December 13, 2011